IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01956-WYD-BNB

ANGELA HAYNES,

    Plaintiff,

v.

POUDRE VALLEY HEALTH CARE, INC., d/b/a POUDRE VALLEY HOSPITAL,

    Defendant.

## ORDER OF DISMISSAL

THIS MATTER is before me on the parties' responses to my Order to Show Cause entered March 31, 2011.  In the Order to Show Cause I noted that Plaintiff filed the instant action on August 18, 2009, alleging claims for retaliatory discharge under the False Claims Act, 31 U.S.C. § 3729 *et seq*. and Title VII, as well as a state law claim for wrongful discharge in violation of public policy.  Thus, this Court's jurisdiction was premised on 28 U.S.C. §§ 1331 and 1367(a).  On March 31, 2011, I entered an order granting in part and denying in part Defendant's motion for summary judgment.  That order granted summary judgment in Defendant's favor as to Plaintiff's False Claims Act claim, and noted that Plaintiff voluntarily dismissed her Title VII claim.  Thus, the only claim remaining in this case is Plaintiff's state law claim for wrongful discharge in violation of public policy.

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

However, "the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

  (1) the claim raises a novel or complex issue of State law,

  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

  (3) the district court has dismissed all claims over which it has original jurisdiction, or

  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. § 1367(c).

Here, the claims over which this court had original jurisdiction have been dismissed. Therefore, I ordered the parties to show cause, in writing, why the remaining state law claim in this case should not be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). I have reviewed the parties responses, and I conclude that the Plaintiff's remaining state law claim should be dismissed without prejudice.

As discussed in *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010), the Tenth Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Colorado law recognizes if a plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction over the state claims, the plaintiff may refile those claims in state court. *Id.* (citations, quotation marks and alterations omitted); 28 U.S.C. § 1367(d) (providing that the state law statute of imitations shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period).  In determining whether to exercise discretion to exercise supplemental jurisdiction in these circumstances, I must also consider the values of judicial economy, convenience, fairness, and comity. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).  As noted above, the only claim remaining in this case is Plaintiff's claim for wrongful discharge in violation of state public policy.  While this matter is set for trial to commence May 2, 2011, I find that issues of comity weigh heavily in favor of declining to exercise supplemental jurisdiction over this state law claim.  Therefore, it is hereby

ORDERED that Plaintiff's remaining state law claim for wrongful discharge in violation of public policy, and this case, shall be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).  It is

FURTHER ORDERED that the final trial conference set for Monday, April 18, 2011 at 4:00 p.m., and the five-day jury trial set to commence Monday May 2, 2011, are

hereby **VACATED**.

Dated:  April 11, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge